IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                       CRIMINAL NO. 2:19-CR-41-KS-MTP

**CHERI JESSICA COX**

### ORDER

On September 24, 2021, the Government filed a Motion to Authorize Payment [79], in which it requested authorization for BOP to turn over to the Clerk of Court $1,800.00 of the funds held in Defendant's inmate trust account as a payment toward the monetary penalties imposed in this case. The Court granted the motion [80]. On October 6, 2021, Defendant filed a Motion for Release of Lien on Inmate's Trust Account Funds [81], in which she argues that the stimulus funds deposited in her inmate trust account are exempt from seizure because she uses them to buy certain personal items, such as clothes, provisions, and books. She asks the Court to release the lien on her account. For the reasons provided below, the Court **denies** Defendant's motion.

18 U.S.C. § 3613(a) generally provides that the Government "may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law . . . against all property or rights to property of the person fined . . . ." 18 U.S.C. § 3613(a). The Fifth Circuit has held that the "wages and deposits that make up [an inmate's] commissary

account" are not shielded from collection pursuant to the authority granted by § 3613(a). *United States v. Rand*, 924 F.3d 140, 144 (5th Cir. 2019); *see also United States v. Giles*, 819 F. App'x 899, 900 (5th Cir. 2020) (authorizing depletion of inmate trust account to satisfy restitution judgment pursuant to 18 U.S.C. § 3613(a)). Likewise, the stimulus payments provided under the CARES Act are not shielded from garnishment. *See USA v. Ruiz*, 2021 WL 5235545, at *4 (W.D. Tex. Nov. 10, 2021).

Defendant argues that these funds are exempt from garnishment. Although certain categories of property are exempt from garnishment, *see, e.g.* 26 U.S.C. § 6334(a), Defendant has not identified any exempt property that the Government has seized. *See Rand*, 924 F.3d at 145 (inmate trust account did not qualify as a listed exemption).

Defendant also notes that she has made regular payments pursuant to the Inmate Financial Responsibility Program ("IFRP"). However, an inmate's participation in the Inmate Financial Responsibility Program does not "shield otherwise collectable assets from recovery and nullify the Government's statutory authority under § 3613(a) to collect on its debt . . . ." *United States v. Diehl*, 848 F.3d 629, 634 (5th Cir. 2017).

Additionally, 18 U.S.C. § 3664 provides that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such

person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). The Fifth Circuit has held that "the gradual accumulation of prison wages" does not constitute "'substantial resources' such that it fits within § 3664(n)'s ambit . . . ." *United States v. Hughes*, 914 F.3d 947, 951 (5th Cir. 2019). Rather, § 3664(n) "refers to windfalls or sudden financial injections," or "unanticipated resources that suddenly become available." *Id.* Direct economic stimulus payments from the Government fit this profile, and, therefore, the Government may garnish such funds. *See, e.g. United States v. Waterford*, 2021 WL 4786217, at *2 (N.D. Ind. Oct. 14, 2021); *United States v. Lattaker*, 2021 WL 4203648, at *2 (W.D.N.C. Sept. 15, 2021); *United States v. Walker*, 2021 WL 4005988, at *1 (D.N.D. Sept. 2, 2021); *United States v. Brown*, 2021 WL 1945855, at *2 (E.D. Mo. May 14, 2021).

For all these reasons, the Court **denies** Defendant's Motion for Release of Lien on Inmate's Trust Account Funds [81].

SO ORDERED AND ADJUDGED this 30th day of November, 2021.

    /s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE